**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

AMANDA WILLIAMS,

                Plaintiff,

v.                                    CIVIL ACTION NO.   5:16-cv-09002

WEST VIRGINIA STATE POLICE, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion to Dismiss of the West Virginia State Police, Colonel C.R. Smithers, Lt. Colonel T.D. Bradley and Trooper M.W. Price* (Document 8) and *Memorandum of Law in Support* (Document 9), the *Plaintiff's Response to Defendants' Motion to Dismiss* (Document 17), and the Defendants' *Reply* (Document 18).   The Court has also reviewed the *Plaintiff's Motion to Amend* (Document 15) and the *Defendants, the West Virginia State Police, Colonel C.R. Smithers, Lt. Colonel T.D. Bradley and Trooper M.W. Price's Response in Opposition to Plaintiff's Motion to Amend Her Lawsuit* (Document 20).   Finally, the Court has reviewed the *Plaintiff's Motion for Leave to Conduct Discovery* (Document 16) and the *Response of the West Virginia State Police, Colonel C.R. Smithers, Lt. Colonel T.D. Bradley and Trooper M.W. Price to Plaintiff's Motion for Leave to Conduct Discovery* (Document 19).   For the reasons stated herein, the Court finds that the Plaintiff's motion to amend should be granted, and that the Defendants' motion to dismiss and the Plaintiff's motion for leave to conduct discovery should be denied as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Amanda Williams, filed her complaint in this Court on September 20, 2016. Ms. Williams named the West Virginia State Police, Colonel C.R. Smithers, Lt. Colonel T.D. Bradley, and Trooper M.W. Price as defendants.  Ms. Williams specifically named the three police officers individually and in their official capacities as officers of the West Virginia State Police.

In her complaint, Ms. Williams alleges that on or about September 29, 2014, Trooper Price contacted her about a 2005 Mercedes Benz automobile in her ownership.  (Pl.'s Complaint at ¶12.)  Ms. Williams alleges that Trooper Price contacted her about the vehicle as a result of an alleged criminal charge against her husband.  (*Id.* at ¶14.)   Ms. Williams further alleges that Trooper Price advised her that, if she agreed to execute a document referred to as a "Settlement and Disclaimer" agreement, which would sign title to the above-referenced automobile over to the West Virginia State Police, then the police would not seize a second automobile owned by Ms. Williams.  (*Id.* at ¶13.)  Ms. Williams executed the "Settlement and Disclaimer," and the State Police seized the automobile in question.

Ms. Williams alleges that the seizure of the automobile failed to provide her with proper Due Process protection under the Constitution in violation of her civil rights according to 42 U.S.C. § 1983, Article 3, Section 10 of the West Virginia Constitution, and the Fifth Amendment of the United States Constitution.  She further alleges that Trooper Price's actions violated West Virginia Code §60A-7-701, the West Virginia Contraband Forfeiture Act ("WVCFA").  (*Id.* at ¶15-16.)  Ms. Williams claims that these actions were "condoned and encouraged" by Defendants Smithers and Bradley, both superior officers of the West Virginia State Police, and that the

2

Defendants only use the "Settlement and Disclaimer" method to "specifically circumvent" the WCVFA "so as to not afford one their Due Process protections and/or to preclude the West Virginia State Police from sharing of any seized assets with the local prosecuting attorneys."   (*Id.* at ¶18-20.)   Ms. Williams alleges that this conduct is the result of a policy, "whether written, oral, or otherwise," that encourages officers to use the "Settlement and Disclaimer" form to deny Due Process rights.   (*Id.* at ¶17.)

Based on these allegations, Ms. Williams's complaint demands relief in the form of an order "prohibiting the Defendants from further participation in the 'Settlement and Disclaimer' program" and "ordering the Defendants to properly follow" the WVCFA.   Ms. Williams also seeks return of the automobile seized by the Defendants or a payment to the Plaintiff of the fair market value of the automobile at the time of the seizure and declaratory relief establishing that the Defendants' conduct violated the Plaintiff's constitutional and statutory rights, among other things.   (*Id.* at Page 7.)

On November 28, 2016, the Defendants filed a motion to dismiss the Plaintiff's complaint. The Plaintiff filed a response in opposition on December 12, 2016, and the Defendants filed their reply on December 19, 2016.   While filing her response in opposition to the motion to dismiss, the Plaintiff simultaneously filed her motion to amend the complaint and her motion for leave to conduct discovery on December 12, 2016.   The Defendants responded to the motion to amend and the motion for leave to conduct discovery on December 27, 2016.   The motions are fully briefed and ripe for review.

**STANDARD OF REVIEW**

*A.  Motion to Amend*

Rule 15(a)(1) of the *Federal Rules of Civil Procedure* permits a party to "amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."   Fed.R.Civ.P. 15(a)(1).   Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."   Fed.R.Civ.P. 15(a)(2).   The Rule further provides that "[t]he court should freely give leave [to amend] when justice so requires." *Id*. However, this opportunity for amendment is not without its limits.   The Fourth Circuit has stated that a motion to amend should be denied only "if one of three facts is present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."   *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted) (internal quotation marks omitted); *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001).

*B.  Motion to Dismiss*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.   *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ.

4

P. 8(d)(1).   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."   *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).   However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Iqbal,* 556 U.S. at 679.   Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588

F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate

facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."

*Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).   "Determining whether a complaint

states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be

a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense."   *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Plaintiff seeks the Court's leave to amend her complaint, [1] arguing that she

inadvertently references the Fifth Amendment of the United States Constitution in alleging her

Due Process violations, when she should have referenced the Fourteenth Amendment.   The

Plaintiff argues that the Court should, therefore, grant leave to amend her complaint because justice

requires a correction to allow for consideration of the case on the merits.

The Defendants counter that the Plaintiff's motion should be denied because an amendment

to the complaint would be futile.   The Defendants first argue that the Plaintiff's proposed amended

complaint would be barred by the *Rooker-Feldman* doctrine.   The Defendants cite a state circuit

court ruling issued before the filings of the complaint at hand and argue that *Rooker-Feldman* bars

the Plaintiff's amended complaint because it would state a claim that seeks redress from that state

court judgment.   The Defendants argue that the claims put forth in the proposed amended

complaint will be substantially identical to claims already litigated by the Plaintiff in state court,

---

1 Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party is allowed to amend its pleading as a matter of
course either within 21 days of serving it or the earlier of 21 days after service of a motion to dismiss or a responsive
pleading.   Here, the Plaintiff filed her motion to amend with her response to the Defendants' 12(b)(6) motion and
was still within the time frame allowing an amended pleading as a matter of course.   Thus, the Plaintiff was not
required to seek leave from the Court to amend.   However, because the Plaintiff did seek leave from the Court, the
Court deals with the motion as presented.

and that any review from this Court would amount to appellate review barred by the *Rooker-Feldman* doctrine.  The Defendants further argue that, if the Court finds that *Rooker-Feldman* does not apply, the elements of both *res judicata* and collateral estoppel are satisfied, and thus make the Plaintiff's proposed amended complaint futile.

The Court finds that the *Rooker-Feldman* doctrine does not apply to the case at hand.   The *Rooker-Feldman* doctrine derives its name from two U.S. Supreme Court cases styled *Rooker v. Fidelity Trust Co.* and *District of Columbia Court of Appeals v. Feldman*, "the only two cases in which [the Supreme Court has] applied this rule to find that a Federal District Court lacked jurisdiction."  *Lance v. Dennis*, 546 U.S. 459, 463 (2006).   "[T]he *Rooker-Feldman* doctrine is narrow and focused, 'confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"   *Thana v. Bd. of License Commissioners for Charles Cty., Maryland*, 827 F.3d 314, 319 (4th Cir. 2016) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).   Together, *Rooker* and *Feldman* stand for the proposition that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."   *Lance*, 546 U.S. at 463.

While lower federal courts have had a tendency to broadly interpret this doctrine, the Supreme Court clarified the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, holding that the doctrine is specifically confined to cases where a state-court loser is complaining of injury caused by a state-court judgment, thus amounting to an appeal of the state-court judgment.  *Exxon*, 544 U.S. at 291 ("In both [*Rooker* and *Feldman*], the losing party in state court filed suit in federal court after the state proceedings ended, *complaining of an*

*injury caused by the state court judgment* and *seeking review and rejection of that judgment*.") (emphasis added).

The Fourth Circuit adopted the *Exxon* Court's reasoning and application of the doctrine in *Thana v. Bd. of License Commissioners for Charles Cty., Maryland*.   In *Thana*, the state licensing board in Maryland revoked a restaurant's alcoholic beverage license, and the restaurant challenged the revocation in state circuit court.   *Thana*, 827 F.3d at 317-18.   The state circuit court affirmed the revocation, and before filing an appeal to the state appeals court, the restaurant filed an action in the federal district court alleging that the board had violated the restaurant's First Amendment rights under 42 U.S.C. § 1983.   *Id.* at 318.   The federal district court dismissed the case based on *Rooker-Feldman*, and the restaurant appealed.   *Id.*   The Fourth Circuit, following the *Exxon* Court's reasoning, reversed the dismissal and found that the *Rooker-Feldman* doctrine did not apply to the restaurant's case.   *Id.* at 321.   Explaining that *Rooker-Feldman* was narrow and limited in scope only to federal court plaintiffs claiming injury directly from a state court's ruling, the *Thana* court held that "if a plaintiff in federal court does not seek review of the state court judgment itself but instead 'presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court.'"   *Id.* at 320 (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)).   Thus, because the restaurant filed a concurrent, independent action in federal court alleging a violation of 42 U.S.C. § 1983, the federal district court's jurisdiction over the action was not barred by *Rooker-Feldman* "even though the complaint in the action include[ed] claims and legal arguments similar to or the same as those made in the state proceedings . . ."   *Id.*

Similar to *Thana*, the Plaintiff in the case at hand filed a complaint in this Court after a state circuit court judgment on overlapping issues.   The Plaintiff has filed a concurrent, independent action seeking redress for alleged violations of 42 U.S.C. § 1983 by the West Virginia State Police, among other things.   Having reviewed the allegations of the proposed amended complaint, the state court petition for preliminary injunctive relief and the order entered by the Honorable James C. Stucky, the Court finds that neither the original complaint nor the proposed amended complaint is tantamount to an appeal of the state court's judgment.   The Plaintiff is not a state-court loser asking the court to remedy injuries caused specifically by the state court judgment.   Even though some of the Plaintiff's legal arguments are similar to those made during the state court proceedings, *Rooker-Feldman* does not bar this Court's original jurisdiction over the matter.   Thus, the Plaintiff's motion to amend is not futile based on the *Rooker-Feldman* doctrine.

Further, while principles of preclusion are the more appropriate avenue on which to challenge the complaint, this Court is not convinced that the Defendants have adequately shown that *res judicata* or collateral estoppel make the proposed amendment futile.   The Plaintiff's complaint in the case at hand alleges that the West Virginia State Police and its officers violated the Plaintiff's Due Process rights in violation of 42 U.S.C. § 1983.   In the underlying state court case, however, the Plaintiff sought immediate injunctive relief regarding the alleged irreparable harm she faced by the seizure of her property.

At this stage in the proceeding, the Defendants have not sufficiently shown that the Plaintiff's amended complaint would indeed be futile.   Therefore, the Court finds that the Plaintiff should have the opportunity to amend her complaint, and her motion should be granted.   Because

the Plaintiff will file an amended complaint, the Defendants' motion to dismiss the original complaint and the Plaintiff's motion for leave to conduct discovery[2] should both be denied as moot.   The Defendants may seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure upon the filing of the amended complaint.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Amend* (Document 15) be **GRANTED** and the Plaintiff's proposed *Amended Complaint* (Document 15-1) be **FILED**.   The Court further **ORDERS** that the *Motion to Dismiss of the West Virginia State Police, Colonel C.R. Smithers, Lt. Colonel T.D. Bradley and Trooper M.W. Price* (Document 8) and the *Plaintiff's Motion for Leave to Conduct Discovery* (Document 16) be **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      March 2, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

2 In the Plaintiff's Motion for Leave to Conduct Discovery, she seeks leave to conduct discovery based on the Defendants' use of exhibits not originally included in the complaint in their Motion to Dismiss.   Because the Court finds that the Motion to Dismiss should be denied as moot, the Plaintiff need not conduct additional discovery concerning that motion.

10