# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

AMANDA WILLIAMS,

        Plaintiff,

v.                                                                      CIVIL ACTION NO. 5:16-cv-09002

WEST VIRGINIA STATE POLICE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Motion for Summary Judgment of the West Virginia State Police, Colonel C.R. Smithers, Lt. Colonel T.D. Bradley, and Trooper M.W. Price* (Document 48) and *Memorandum of Law in Support* (Document 49), the *Plaintiff's Response to Defendants' Motion for Summary Judgment* (Document 55), the *Reply of the West Virginia State Police, Colonel C.R. Smithers, Lt. Colonel T.D. Bradley, and Trooper M.W. Price to Plaintiff's Response to Their Motion for Summary Judgment* (Document 57), and all attached exhibits. The Court has also reviewed the *Plaintiff's Motion for Summary Judgment* (Document 50) and *Memorandum of Law in Support* (Document 52), the *Response of the West Virginia State Police, Colonel C.R. Smithers, Lt. Colonel T.D. Bradley, and Trooper M.W. Price to Plaintiff's Motion for Summary Judgment* (Document 54), the *Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment* (Document 56), and all attached exhibits. Finally, the Court has reviewed the *Amended Complaint* (Document 26). For the reasons stated herein, the

1

Court finds that the Defendants' motion for summary judgment should be granted, and the Plaintiff's motion for summary judgment should be denied.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Plaintiff, Amanda Williams, initiated this action on September 20, 2016, naming the West Virginia State Police, Colonel C.R. Smithers, Lt. Colonel T.D. Bradley, and Trooper M.W. Price ("Trooper Price") as defendants. Pursuant to the Court's March 2, 2017 *Memorandum Opinion and Order* (Document 25) granting the Plaintiff's motion to amend, the Plaintiff filed her amended complaint on that same date.

As the result of a criminal investigation regarding the illegal sale of narcotics, Trooper Price and various members of both the Beckley/Raleigh County Drug and Violent Crimes Unit and the West Virginia State Police executed a search warrant at the Plaintiff's residence, located at 115 Barnes Court, Crab Orchard, West Virginia, on September 29, 2014. (Defs.' Mem. in Supp., Ex. 7.) Throughout the course of the investigation, Trooper Price had arranged multiple controlled purchases of narcotics from the Plaintiff and her husband and recorded the purchases through video surveillance. (*Id.* at Ex. 6.) The video surveillance reveals that the Plaintiff's husband sold narcotics from a 2005 white Mercedes-Benz automobile and that this same automobile was in the Plaintiff's driveway during another controlled buy. (*Id.*; Defs.' Mem. in Supp. at 5.) When Trooper Price executed the search warrant on the Plaintiff's residence, this Mercedes was located in the driveway. (Defs.' Mem. in Supp., Ex. 5.)

In executing the September 29, 2014 search warrant, Trooper Price arrested the Plaintiff's husband and inquired of the Plaintiff concerning the white Mercedes automobile. (Defs.' Mem. in Supp., Ex. 5.) According to the investigation report, Trooper Price informed the Plaintiff that he

intended to seize the automobiles used in the controlled buys. However, Trooper Price "spoke with Amanda Williams, and obtained a Settlement and Disclaimer Form for the vehicle which shows the owner, Amanda Williams, voluntarily forfeited the [white Mercedes] to the West Virginia State Police." (Defs.' Mem. in Supp., Ex. 5 and Ex. 1.) Specifically, Trooper Price "advised the Plaintiff that if she executed a 'Settlement and Disclaimer' agreement, signing title to the [white Mercedes] over to the West Virginia State Police, then the West Virginia State Police would not seize a second car owned by the Plaintiff." (Pl.'s Amended Compl. at ¶ 12.) The Plaintiff did indeed sign a Settlement and Disclaimer form, waiving her right, title, and interest to the 2005 white Mercedes-Benz having VIN number W2DBRF40JX5F711827. (Defs.' Mem. in Supp., Ex. 1.)

On September 11, 2015, the Plaintiff filed a Petition for Preliminary Injunctive Relief in the Circuit Court of Kanawha County, West Virginia. (*Id.* at Ex. 2.) The Plaintiff's state court petition was nearly identical to her amended complaint filed in this action, and specifically claimed that Trooper Price and the other Defendants violated her civil and constitutional rights by all but forcing her to sign over her title to her white Mercedes through the Settlement and Disclaimer form rather than properly seizing her car pursuant to the West Virginia Contraband Forfeiture Act ("WVCFA"). (Defs.' Mem. in Supp., Ex. 2, at ¶¶ 10-12.) Similar to her amended complaint in this case, the Plaintiff's petition for injunctive relief alleged that Trooper Price "failed to provide the Plaintiff with any Due Process protections . . . in violation of 42 U.S.C. § 1983 (Civil Rights Violation), as the result of an alleged criminal violation committed by her husband." (Compare Pl.'s Amended Compl. at ¶ 15 and Defs.' Mem. in Supp., Ex. 2, at ¶ 12.)

An evidentiary hearing was held in Kanawha County Circuit Court regarding the Plaintiff's petition, and after the submission of briefs on the issue, the court denied her petition for injunctive relief. (*Id.* at Ex. 3.) The court's order described in great detail the events that occurred when the Defendants executed the search warrant at the Plaintiff's residence, and specifically explained that "[Ms. Williams] was not deprived of any statutory due process rights under the WVCFA because her automobile was not seized pursuant to that statute; rather, the automobile was obtained pursuant to a written agreement voluntarily entered into by [Ms. Williams] in which she waived all her rights under the WVCFA." (*Id.* at Ex. 3, p. 8, ¶ 8.) The state court found that Ms. Williams executed the Settlement and Disclaimer form, which is "a voluntary waiver of any rights Ms. Williams may have had if the seizure had been conducted pursuant to the WVCFA." (*Id.* at p. 10, ¶ 12.) The court further found that Ms. Williams entered into this agreement willfully, not under duress, was not underage, and was not under arrest or even detained at the time she signed the agreement. (*Id.* at p. 10, ¶ 13.) In other words, the court found that Ms. Williams' automobile "was not 'seized' within the meaning of the [WVCFA], but rather was obtained pursuant to a written agreement wherein Ms. Williams voluntarily surrendered the vehicle[1] to the West Virginia State Police." (*Id.* at p. 9, ¶ 11.) Thus, the court found that Ms. Williams was "not entitled to claim any due process rights…contained within the statute as they were effectively waived," and denied her petition for preliminary injunctive relief. (*Id.* at p. 11-13.)

---

1 The state court went on to find that, even if Ms. Williams' automobile had been seized pursuant to the WVCFA rather than by her own relinquishment of it, the Defendants would have had probable cause to seize the automobile during the search and then institute a forfeiture proceeding after the fact. (Defs.' Mem. in Supp., Ex. 3, p. 11, ¶ 20.) The court found that, because a confidential informant made a video-recorded purchase of narcotics from the automobile in question, said evidence would have been sufficient to provide the Defendants probable cause to seize the vehicle and not return it to the Plaintiff under the WVCFA. (*Id.*) Thus, the court concluded, even if the Plaintiff had not voluntarily waived her rights and agreed to give the automobile away, the Defendants would have had the statutory right to seize it.

The Plaintiff did not appeal the state court's November 20, 2015 order to the West Virginia Supreme Court. She initiated this lawsuit nearly a year after the state court entered its ruling.

**STANDARD OF REVIEW**

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon

another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

When presented with motions for summary judgment from both parties, courts apply the same standard of review. *Tastee Treats, Inc. v. U.S. Fid. & Guar. Co.*, 2008 WL 2836701 (S.D. W. Va. July 21, 2008) (Johnston, J.) *aff'd,* 474 F. App'x 101 (4th Cir. 2012). Courts "must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law," resolving factual disputes and drawing inferences for the non-moving party as to each motion. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks and citations omitted); *see also Monumental Paving & Excavating, Inc. v. Pennsylvania Manufacturers' Ass'n Ins. Co.*, 176 F.3d 794, 797 (4th Cir. 1999).

# DISCUSSION

The Defendants and the Plaintiff move for summary judgment on all of the Plaintiff's claims. The Defendants argue that summary judgment is appropriate based on the principles of *res judicata*, collateral estoppel, and qualified immunity. According to the Defendants, the ruling issued by the Circuit Court of Kanawha County regarding the Plaintiff's state law claims satisfies the elements of *res judicata* such that those claims are precluded from being re-litigated in this Court, which is exactly what the Plaintiff is attempting to do. They further assert that, even if the elements of *res judicata* are not satisfied, summary judgment is appropriate under the principle of collateral estoppel because the same issue raised by the Plaintiff was litigated in the state court proceedings. The Defendants also argue that summary judgment is appropriate because the Defendants are entitled to qualified immunity, there is no supervisory liability regarding the West Virginia State Police, Colonel Smithers, and Lieutenant Colonel Bradley in Section 1983 cases, and because, under the West Virginia Constitution, there is no independent cause of action for monetary damages.

The Plaintiff counters that the Circuit Court of Kanawha County's order on the Plaintiff's petition for an injunction is without merit because it was a proposed order submitted by the same Defendants here and objected to by the Plaintiffs. The Plaintiff further argues that the petition filed in the Circuit Court of Kanawha County only sought to enjoin the Defendants from improperly disposing of the Plaintiff's white Mercedes automobile, while her complaint in this case states other constitutional, statutory, and common law claims that overcome summary judgment on *res judicata* or collateral estoppel grounds. The Plaintiff also counters that the Defendants knew they were violating the Plaintiff's civil rights when they took her automobile

pursuant to the Settlement and Disclaimer agreement, and are therefore not entitled to qualified immunity.

The Plaintiff also moves for summary judgment on her own behalf. The Plaintiff almost exclusively relies on the transcript of the evidentiary hearing on her petition in state court to argue that the Defendants violated her due process rights by taking ownership of her car after she executed the Settlement and Disclaimer form. The Plaintiff argues that because she "basically was coerced into signing [her automobile] over to Defendants by being allowed to keep a second vehicle," she is entitled to summary judgment. (Pl.'s Mem. in Supp. at 8.) The Defendants counter that the Plaintiff's motion lacks evidentiary support, and further reiterate the arguments from their own summary judgment motion that the Plaintiff's claims are barred by *res judicata* and collateral estoppel.

The doctrine of *res judicata*, also known as claim preclusion, generally refers to the legal principle that "preclude[es] re-litigation of the same cause of action." *Blake v. Charleston Area Med. Ctr., Inc.*, 498 S.E.2d 41, 48 (W.Va. 1997) (citing *Christian v. Sizemore*, 407 S.E.2d 668, 676 (W.Va. 1996)). Accordingly, "under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Blake*, 498 S.E.2d at 48 (internal citations omitted). According to the West Virginia Supreme Court, *res judicata* bars a lawsuit if the following three elements are satisfied:

> *First*, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. *Second*, the two actions must involve either the same parties or persons in privity with those same parties. *Third*, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

*Moore v. Knippenberg*, No. 1:15CV193, 2016 WL 6833999, at *3 (N.D.W. Va. Nov. 18, 2016) (citing Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 498 S.E.2d 41 (W.Va. 1997)) (emphasis added). "A final decision is one that ends the litigation on the merits and leaves nothing more for the court to do but execute judgment." *Moore*, 2016 WL 6833999, at *3 (citing *Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86 (2000)). Further, "a cause of action is the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief." *Id.*

In this case, the Plaintiff has presented no evidence to create a genuine issue of material fact that negates the application of *res judicata*, and all of the elements of *res judicata* are satisfied. As previously evidenced, the Plaintiff filed a petition for injunctive relief in the Circuit Court of Kanawha County, West Virginia, that was nearly identical to her amended complaint filed here. Both actions sought relief based on her allegations that the Defendants violated her due process rights by taking title to her automobile after she signed the Settlement and Disclaimer form. Concerning the first element, the court's order denied her petition for relief and dismissed the case, effectively ending the litigation and leaving "nothing more for the court to do but execute the judgment." *Randolph*, 531 U.S. at 86. Secondly, the Plaintiff and all of the Defendants currently named were the parties in the Plaintiff's state court petition.

The only remaining issue is whether the current cause of action is identical to the cause of action in the Plaintiff's state court petition. In both her state court petition and her amended complaint, the facts relied on by Ms. Williams to establish her right to judicial relief are that the Defendants' actions in taking her car after she signed the Settlement and Disclaimer form violated her constitutional due process rights. That the Plaintiff's state court petition sought injunctive

9

relief as opposed to damages does not change the facts establishing the relief she seeks, and those facts are identical.

Therefore, because the lower court issued a final adjudication on the merits, because the parties in both actions are identical, and because the cause of action in the Plaintiff's state court proceedings is identical to the cause of action presented in this case, the elements of *res judicata* are satisfied. The Plaintiff is not entitled to a re-litigation of her claims, and the Defendants' motion for summary judgment should be granted. Inasmuch as summary judgment is appropriate on res judicata grounds, the Court need not address the Defendants' arguments on collateral estoppel, qualified immunity, supervisor liability, or issues concerning liability under the West Virginia constitution.

With respect to the Plaintiff's motion for summary judgment, based on the previous finding that the Plaintiff's claims are barred from re-litigation in this court, the Court finds that the Plaintiff's motion should be denied as moot. Because the Plaintiff heavily quotes the transcript from the state court evidentiary hearing and merely recites her allegations of an infringement of her civil rights, the Court need not address the merits of what has previously been adjudicated by the state court.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Motion for Summary Judgment of the West Virginia State Police, Colonel C.R. Smithers, Lt. Colonel T.D. Bradley, and Trooper M.W. Price* (Document 48) be **GRANTED** and that the *Plaintiff's Motion for Summary Judgment* (Document 50) be **DENIED**. The Court further **ORDERS** that any pending motions be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 26, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA